No. 22-1927

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

_____

CHRISTOPHER FAIN and SHAUNTAE ANDERSON, individually and on behalf of all others similarly situated,

*Plaintiffs-Appellees,*

v.

WILLIAM CROUCH, in his official capacity as Cabinet Secretary of the West Virginia Department of Health and Human Resources; CYNTHIA BEANE, in her official capacity as Commissioner of the West Virginia Bureau for Medical Services; and WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES, BUREAU FOR MEDICAL SERVICES,

*Defendants-Appellants.*

_____

On Appeal from the United States District Court
for the Southern District of West Virginia
_____

**MOTION OF THE NATIONAL HEALTH LAW PROGRAM AND CENTER FOR MEDICARE ADVOCACY FOR LEAVE TO FILE A BRIEF AS *AMICI CURIAE* IN SUPPORT OF PLAINTIFFS-APPELLEES AND AFFIRMANCE**
_____

The National Health Law Program and Center for Medicare Advocacy respectfully request leave to file an *amicus* brief in support of Plaintiffs-Appellees in this action.[1] A copy of the proposed brief is attached to this motion.

---

[1] No counsel for a party authored the attached brief in whole or in part, and no persons other than the *amici curiae* made a monetary contribution to its preparation or submission.

1

Pursuant to Local Rule 27(a), *amici* notified counsel for the parties to the appeal of our intent to file an *amicus* brief and requested the parties' consent. Counsel for Plaintiffs-Appellees consented to the filing. Counsel for Defendants-Appellants stated that she "did not have authority on behalf of the Appellants to consent to the filing of the amicus brief." As to whether Appellants intend to file a response in opposition to our motion, Counsel for Defendants-Appellants stated that she expected a decision to be made after the filing of our motion.

## INTEREST OF *AMICI CURIAE*

Founded in 1969, the National Health Law Program (NHeLP) advocates, educates, and litigates at the federal and state levels to further its mission of improving access to quality health care for low-income and underserved people, particularly those eligible for Medicaid. Notably, NHeLP has litigated a number of key Medicaid cases in this Court. *See, e.g., Pashby v. Delia*, 709 F.3d 307 (4th Cir. 2013) (changes to coverage of personal care services); *K.C. ex rel. Africa H. v. Shipman*, 716 F.3d 107 (4th Cir. 2013) (reduction of services); *D.T.M. ex rel. McCartney v. Cansler*, 382 F. App'x 334 (4th Cir. 2010) (reduction of mental health and developmental disability services); *Antrican v. Odom*, 290 F.3d 178 (4th Cir. 2002) (failure to provide adequate dental services to children).

The Center for Medicare Advocacy is a national, nonprofit law organization that works to advance access to comprehensive Medicare coverage, health equity,

and quality health care for older adults and people with disabilities. Founded in 1986, the organization's work includes legal assistance, advocacy, education, analysis, and policy initiatives. It advocates on behalf of beneficiaries in administrative and legislative forums, and serves as legal counsel in litigation of importance to Medicare beneficiaries and others seeking health care coverage, including those who are dually eligible for Medicare and Medicaid.

Both *amici* support broad access to health care, especially for members of historically marginalized communities, such as transgender and gender non-conforming people. *Amici* are also dedicated to robust enforcement of federal law in a manner that ensures that people enrolled in publicly funded health care programs like Medicaid receive the services to which they are legally entitled without discrimination. As such, each of the *amici* has a strong interest in the outcome of this case.

## THE PROPOSED BRIEF PROVIDES USEFUL LEGAL CONTEXT REGARDING THE MEDICAID AND MEDICARE PROGRAMS

*Amici* have expertise that is desirable and relevant to the Court. *Amici* seek to provide the Court with additional information about the federal legal framework that governs the Medicaid program, and in so doing, correct some of Appellants' misconceptions regarding federal oversight of the program. In addition, *amici* address Appellants' misunderstanding of Medicare coverage of gender affirming surgical care.

The information offered in the *amicus* brief will be useful to the Court and relevant to the disposition of the case, as it goes directly to whether the district court erred in granting summary judgment on Plaintiffs' Medicaid Act claims. *See* Fed. R. App. Pr. 29(a)(3)(B). The brief does not duplicate the parties' arguments, but rather offers additional legal nuance with respect to the issues before the Court. *See Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761, 763 (7th Cir. 2020).

For the foregoing reasons, the motion for leave to file an *amicus* brief should be granted.

Dated:  December 7, 2022          Respectfully submitted,

Martha Jane Perkins*
NATIONAL HEALTH LAW PROGRAM
1512 E. Franklin St., Suite 110
Chapel Hill, NC 27514
Tel: (919) 968-6308
*Counsel of Record

Alice Bers
Wey-Wey Kwok
CENTER FOR MEDICARE ADVOCACY
PO Box 350
Willimantic, CT 06226
Tel: (860) 456-7790

*Counsel for Amici Curiae*

4

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) and 32(a)(5) and (6) because it has been prepared in 14-point Times New Roman, a proportionally spaced font. I certify that the foregoing motion complies with the requirements of Fed. R. App. P. 27(d)(2)(A) and that the total number of words in this motion is 791 according to the count of Microsoft Word.

/s/Martha Jane Perkins
Martha Jane Perkins

## CERTIFICATE OF SERVICE

I certify that on this day, December 7, 2022, I electronically filed the forgoing motion with the Clerk of the Court by using the CM/ECF system.

/s/Martha Jane Perkins
Martha Jane Perkins