No. 22-1927

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

Christopher Fain; Shauntae Anderson,
*individually and on behalf of all others similarly situated*,

*Plaintiffs-Appellees,*

v.

William Crouch, *in his official capacity as Cabinet Secretary of the West Virginia Department of Health and Human Resources*; Cynthia Beane, *in her official capacity as Commissioner for the West Virginia Bureau for Medical Services*; West Virginia Department of Health and Human Resources, Bureau for Medical Services,

*Defendants-Appellants.*

On Appeal from the United States District Court
for the Southern District of West Virginia at Huntington
Case No. 3:20-0740

## MOTION OF CONSTITUTIONAL LAW PROFESSORS FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE*

Katie R. Eyer
Professor of Law
Rutgers Law School
217 North Fifth Street
Camden, NJ 08102
215-262-6554
katie.eyer@rutgers.edu

Kathleen Hartnett
COOLEY LLP
3 Embarcadero Center
20th Floor
San Francisco, CA 94111
415-693-2071
khartnett@cooley.com

Andrew Barr
COOLEY LLP
1144 15th Street, Ste. 2300
Denver, CO  80202
720-566-4121
abarr@cooley.com

*Attorneys for Amici Curiae*

Pursuant to Federal Rule of Appellate Procedure 29, eleven professors of constitutional law (a list of signatories is attached as Addendum A of the brief), by and through undersigned counsel, respectfully move this Court for leave to file a brief as *Amici Curiae* in the above-captioned case in support of Plaintiffs-Appellees and in support of affirmance.[1] The grounds for this motion are stated with particularity below. Counsel for *Amici* have conferred with counsel for Plaintiffs-Appellees and Defendants-Appellants. Plaintiffs-Appellees consent to the filing of this brief; Defendants-Appellants are not able to determine at this time if they will oppose the relief sought in this motion.

## I. Proposed *Amici* are Constitutional Law Professors With an Interest in the Outcome of the Case.

As stated above, *Amici* are professors of constitutional law. Collectively, they have studied, taught, and written on issues related to constitutional law, including equal protection law, for decades. Their interest in this case is the proper application of equal protection law. Although the *Amici* differ in their views on many subjects, they agree that the Appellants' arguments here rest on an inaccurate understanding of the Equal Protection Clause and must be rejected.

---

[1] No counsel for a party authored the proposed brief in whole or in part, and no party or its counsel made a monetary contribution intended to fund its preparation or submission. The proposed brief does not purpose to convey the position of *Amici*'s respective academic institutions.

**II.    Proposed *Amici*'s Contributions are Relevant to the Case and Helpful to This Court.**

This Court should grant leave to the filing of the proposed brief because *Amici* will make "useful contributions." *See Stuart v. Huff*, 706 F.3d 345, 355 (4th Cir. 2013). *Amici*'s brief includes an in-depth examination of *Geduldig v. Aiello*, 417 U.S. 484 (1974), and also provides this Court with additional perspective regarding the impact a decision in this matter may have on equal protection jurisprudence generally if Defendants-Appellants' interpretation of *Geduldig* is adopted. *Amici* have already filed a materially identical brief in a matter currently pending before this Court. *See Kadel v. Folwell et al.*, No. 22-1721 (Dkt. 51-1).

*Amici*, who have spent their careers focusing on issues of constitutional law, including equal protection law, provide essential history and background about the Supreme Court's decision in *Geduldig* and show that *Geduldig* does not require or permit this Court to ignore the facial discrimination in this case. *Amici's* brief explains why, notwithstanding *Geduldig*, the exclusion at issue facially discriminates on the basis of sex and transgender status and why this Court should affirm the District Court's conclusion that heightened scrutiny applies. Importantly, *Amici* also illustrate why Appellants' arguments would have sweeping implications on other contexts outside of the specific focus of this case.

Granting this motion would not prejudice the parties or the progression of this case. This motion is timely and provides the Court with a proper opportunity to

2

consider it. *See LaRue v. DeWolff, Boberg & Assoc. Inc.*, 458 F.3d 359, 360 (4th Cir. 2009); Fed. R. App. 29(a)(6) ("An amicus curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed.").

## CONCLUSION

For these reasons, proposed *Amici* respectfully request that the Court grant leave to file a brief in support of Plaintiffs-Appellees and affirmance of the District Court's ruling, including its conclusion that heightened scrutiny applies.

Dated:      December 7, 2022          /s/ Kathleen Hartnett

Kathleen Hartnett
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
415-693-2071
khartnett@cooley.com

Katie R. Eyer
Professor of Law
Rutgers Law School
217 North Fifth Street
Camden, NJ 08102
215-262-6554
katie.eyer@rutgers.edu

Andrew Barr
COOLEY LLP
1144 15th Street, Ste. 2300
Denver, CO  80202
720-566-4121
abarr@cooley.com
*Attorneys for Amici Curiae*

3