No. 22-1927

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

CHRISTOPHER FAIN, *et al.*,

*Plaintiffs-Appellees*,

v.

WILLIAM CROUCH, in his official capacity as Cabinet Secretary of the West Virginia Department of Health and Human Resources, *et al.*,

*Defendants-Appellants*.

**MOTION OF THE STATE OF WEST VIRGINIA FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT AS AMICUS CURIAE**

Under Federal Rule of Appellate Procedure 29(a)(8), the State of West Virginia moves this Court for leave to participate in oral argument in this case as amicus curiae by dividing time with Defendants-Appellants. The State has already filed a brief in support of Defendants-Appellants, ECF No. 24, which the Court accepted, ECF No. 25. Defendants-Appellants consent to the motion. Plaintiffs-Appellees take no position.

This case considers whether West Virginia's Medicaid plan must pay for Medicaid enrollees to receive surgical treatments for gender dysphoria.

The State has a substantial interest in resolving this question. The Medicaid Act gives States "considerable latitude in formulating the terms of their own medical assistance plans." *Addis v. Whitburn*, 153 F.3d 836, 840 (7th

1

Cir. 1998). And West Virginia has exercised its discretion here, all while considering the best interests of its citizens and minding the realities of the State's Medicaid budget. The Court's decision in this case may affect the State's continued ability to do so.

The State has argued that it properly used its discretion when it decided not to cover sex reassignment surgeries. Under Medicaid, "each state administers its own program." *HCMF Corp. v. Allen*, 238 F.3d 273, 275-86 (4th Cir. 2001). West Virginia takes this responsibility seriously, administering the program to ensure the health and wellbeing of its residents. But Medicaid is also an enormous state budgetary burden that must be carefully managed. And West Virginia's resources are not unlimited, so it "must make hard decisions on how much to allocate to treatment of diseases and disabilities." *Olmstead v. L.C. ex. rel. Zimring*, 527 U.S. 581, 612 (1999) (Kennedy, J., concurring in the judgment); *see* ECF No. 24 at 20 (listing examples where the State declined to cover certain procedures under Medicaid).

In particular, the State made a "hard decision" in the face of medical doubt. Sex reassignment surgery is subject to significant medical uncertainty on whether it is medically necessary treatment for gender-dysphoric patients. And such procedures impose sizable fiscal burdens while providing less-than-clear fiscal benefits. Instead of covering costly surgeries with inconclusive benefits, the State opted to cover less expensive treatments that have been more broadly accepted in treating gender dysphoria, including psychiatric diagnostic

2

evaluation, psychotherapy, psychological evaluation, counseling, office visits, hormones, and lab work.

But the district court rejected the State's measured assessments regarding these complex medical issues for gender-dysphoric care. And by compelling the State to cover sex reassignment surgeries, the district court erased the State's ability to "choose the proper mix of amount, scope, and duration limitations on coverage" for its residents. *Alexander v. Choate,* 469 U.S. 287, 303 (1985) (quoting 42 U.S.C. § 1396a(a)(19)). Worse still, the Court openly resolved disputed issues of material fact at the summary-judgment stage and decided pure credibility questions against the State.

The State can best explain the many interests that animated the challenged policies. Courts have often allowed States like West Virginia to participate in oral argument where a case directly implicates State-oriented issues and the State offers a distinct perspective. *See, e.g., ONEOK, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015); *Kennedy v. Louisiana*, 554 US. 407 (2008); *Santa Fe Indep. Sch. Dist. v. Doe*, 530 U.S. 290 (2000). It seems especially appropriate to allow the State to participate when, as here, a party argues that federal law constrains a State's choices. When the federal government and a State purportedly "entertain and act upon conflicting views of the rights of the State and the general government," the State should be "permitted to take part in the argument." *Mining Co. v. Consolidated Mining Co.*, 102 U.S. 167, 168 (1880).

The State's voice is all the more necessary given this Court's decision to hear the case en banc. En banc review is reserved for questions of "exceptional

3

importance." Fed. R. App. P. 35(a)(2). And often, the en banc court serves as "the court[] of last resort in the run of ordinary cases," *Textile Mills Sec. Corp. v. Comm'r*, 314 U.S. 326, 335 (1941); *see also* Stephen L. Wasby, *The Supreme Court and Courts of Appeals En Bancs*, 33 MCGEORGE L. REV. 17, 30-31 (2001) (arguing that en banc review "might resolve the case and make Supreme Court review unnecessary"). So this Court's decision will likely be the final word on the question as it relates to West Virginia for the foreseeable future.

Considering the State's substantial interests in the question presented, West Virginia respectfully submits that this Court should grant the State's motion to participate in oral argument. *See* Fed. R. App. P. 29(a)(8) (no longer requiring "extraordinary circumstances" for amicus participation at argument). The exceptional importance of this question—as well as the State's direct interests in its resolution—warrants West Virginia's inclusion in oral argument. And should the Court grant this motion, counsel for the State would promptly file a "Designation of Attorney Presenting Oral Argument" form on the Docket consistent with this Court's requirements. Counsel for the State have already filed appearances in the case, and all of them are admitted to practice before this Court.

For these reasons, the State respectfully requests that this Court permit it to participate in oral argument.

                                      Respectfully submitted,

                                      PATRICK MORRISEY
                                        ATTORNEY GENERAL

                                      /s/ Lindsay S. See
                                      Lindsay S. See
                                        *Solicitor General*

                                      Michael R. Williams
                                        *Senior Deputy Solicitor General*

                                      OFFICE OF THE ATTORNEY
                                      GENERAL OF WEST VIRGINIA
                                      State Capitol Complex
                                      Building 1, Room E-26
                                      Charleston, WV 25301
                                      (304) 558-2021

Dated: April 28, 2023                       *Counsel for Amicus Curia*

# CERTIFICATE OF COMPLIANCE

1.  This motion complies with Fed. R. App. P. 27(d)(2) because it contains 857 words.

2.  This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6), as required by Fed. R. App. 27(d)(1)(E), because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point CenturyExpd BT font.

/s/ Lindsay S. See
Lindsay S. See