

Tara L. Borelli, Senior Counsel  
Email:  tborelli@lambdalegal.org

October 12, 2023

The Honorable Nwamaka Anowi, Clerk of Court  
U.S. Court of Appeals for the Fourth Circuit  
1100 East Main Street, Suite 501  
Richmond, Virginia 23219

Re:   *Fain v. Crouch*, No. 22-1927  
Response to Defendants-Appellants' Notice of Supplemental Authority  
*L.W. v. Skrmetti*, Case No. 23-5600/*Jane Doe 1 v. Thornbury*, Case No. 23-5609, 2023 WL 6321688 (6th Cir. Sept. 28, 2023)

Dear Clerk Anowi:

Plaintiffs-Appellees respectfully respond to Defendants-Appellants' ("Defendants") letter regarding *L.W. v. Skrmetti*, Case No. 23-5600/*Jane Doe 1 v. Thornbury*, Case No. 23-5609, 2023 WL 6321688 (6th Cir. Sept. 28, 2023), which should not persuade this Court:

1.   Defendants cite *L.W.* for the premise that "deferential review applies to laws premised on classifications based on medical condition," including "gender dysphoria." This misses the mark. First, unlike other facially neutral medical condition regulations, the exclusion here explicitly bans coverage for "sex change" and "transsexual" surgery, which are explicitly sex- and transgender status-based purposes. JA943. The command of *United States v. Virginia*, 518 U.S. 515

Page 2

(1996), and its progeny is that all sex-based classifications must receive heightened scrutiny. *See Peltier v. Charter Day Sch., Inc.*, 37 F.4th 104, 124 (4th Cir. 2022). Additionally, a panel of this Court correctly found as a matter of constitutional avoidance that discrimination based on gender dysphoria is a proxy for transgender status discrimination. *Williams v. Kincaid*, 45 F.4th 759, 772 (4th Cir. 2022).

2.  *L.W.* profoundly misreads *Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228 (2022). *Dobbs* instructs that a complete ban on a procedure does not constitute sex discrimination, even if only "one sex" is affected. 142 S. Ct. at 2245. In stark contrast, here all parties agree that the relevant procedures *are* covered for cisgender people, JA304, and are excluded only when affirming a sex different from that assigned at birth, constituting discrimination based on sex and transgender status.

3.  Finally, administering surgery for "different diagnoses" or "different results" supplies no relevant difference, but simply points back to the discriminatory classification. ECF No. 106 at 1-2. Unrebutted expert testimony establishes that the surgical procedures at issue are materially the same. JA701-703. And discrimination based on the diagnosis of gender dysphoria explicitly classifies based on sex. One cannot describe the diagnosis—or even say it— without referencing sex. The same is true for seeking "different results": if the

care is sought for the "result" of confirming a sex different from the one assigned at birth, it is denied. That is sex discrimination.

Best regards,

Tara L. Borelli
Senior Counsel

CC: All Counsel of Record, served via CM/ECF.