

TARA L. BORELLI, SENIOR COUNSEL
EMAIL: TBORELLI@LAMBDALEGAL.ORG
WRITER'S DIRECT LINE: (470) 225-5341

October 25, 2023

The Honorable Nwamaka Anowi, Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

Re:    *Fain v. Crouch*, No. 22-1927
       Response to Defendants-Appellants' Notice of Supplemental Authority
       *Poe v. Drummond*, Civil Action No. 23-cv-177-JFH-SH, 2023 WL 6516449
       (N.D. Okla. Oct. 5, 2023)

Dear Clerk Anowi:

Plaintiffs-Appellees ("Plaintiffs") respectfully respond to Defendants-Appellants' ("Defendants") letter regarding *Poe v. Drummond*, No. 23-cv-177-JFH-SH, 2023 WL 6516449 (N.D. Okla. Oct. 5, 2023). *Poe* repeats many of the same errors in *L.W. v. Skrmetti*, 2023 WL 6321688 (6th Cir. Sept. 28, 2023), which is flawed and inapplicable for the reasons explained in Plaintiffs' correspondence at ECF No. 107. *Poe*'s repetition of those errors does not improve them.

       1.      First, *Poe* evades the straightforward conclusion that sex-based distinctions on the face of a policy constitute sex discrimination by recasting the law as merely regulating a "procedure." 2023 WL 6516449, at *5. But *Poe* gives its own error away, conceding that the law challenged there—like the exclusion here—discriminates specifically because the medical care is "for the purpose of … affirm[ing]" a gender different from sex assigned at birth. *Id.* This "necessarily





rests on a sex classification." *Grimm v. Gloucester Cnty. Sch. Bd.*, 972 F.3d 586, 608 (4th Cir. 2020).

    2.    *Poe* concedes that restrictions on gender-affirming care target "a specific course of treatment that only transgender individuals would normally request," but finds that only invidious intent can prove a violation. 2023 WL 6516449, at *8. This misconstrues equal protection jurisprudence by suggesting that only intentional discrimination gives rise to an equal protection violation. While intent is clearly present on this record—as reflected by Defendants' affirmative decision to cover hormones while deliberately leaving the surgical exclusion in place, JA507-08—this Court has already recognized as a matter of constitutional avoidance that singling out gender dysphoria for differential treatment should be understood as treating transgender people differently "as a class." *Williams v. Kincaid*, 45 F.4th 759, 772 (4th Cir. 2022).

    3.    Finally, Defendants claim that sex-based classifications of medical care are neutralized if they are for "different diagnoses" or to "achieve different results," but that is wrong. ECF No. 108 at 2. The "diagnosis" targeted is gender dysphoria, and the "result" targeted is affirming a gender different from one's sex assigned at birth. Both are inextricably tied to transgender status and sex. *Williams*, 45 F.4th at 772; *Grimm*, 972 F.3d at 608.



Page | 3

Best regards,

*Tara Borelli*

Tara L. Borelli
Senior Counsel

CC: All Counsel of Record, served via CM/ECF.