

Omar Gonzalez-Pagan
Senior Counsel and Health Care Strategist
Email: ogonzalez-pagan@lambdalegal.org

November 21, 2025

<u>Via CM/ECF</u>

The Honorable Nwamaka Anowi, Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

**Re:** *Anderson v. Crouch*, No. 22-1927

**Response to Defendants-Appellants' Notice of Supplemental Authority regarding *Tennessee v. Kennedy*, No. 1:24-cv-00161-LG-BWR (S.D. Miss.)**

Dear Clerk Anowi:

Plaintiff-Appellee Shauntae Anderson respectfully responds to Defendants-Appellants' notice regarding *Tennessee v. Kennedy*, No. 1:24-cv-00161-LG-BWR, 2025 WL 2982069 (S.D. Miss. Oct. 22, 2025). Nothing about this out-of-circuit district court decision—interpreting regulations no party has relied upon here—should persuade this Court.

*Tennessee* enjoins regulations promulgated by U.S. Department of Health and Human Services under the prior administration, which interpreted the Section 1557 of the Affordable Care Act, 42 U.S.C. § 18116 (the "ACA"), to prohibit exclusions of coverage for gender-affirming care. 2025 WL 2982069, at *1.

At the outset, the ACA regulations that *Tennessee* enjoins are beside the point. What matters is the statute's language, which courts must "independently interpret."





*Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 395 (2024). And the underlying analysis *Tennessee* employed to enjoin those regulations has been squarely rejected by this Court. *Tennessee*'s central premise is that the ACA's sex discrimination prohibition, which is incorporated from Title IX, cannot extend to discrimination because a person is transgender. 2025 WL 2982069, at *12. But *Grimm v. Gloucester County School Board* expressly repudiates that claim, holding that merely recasting a classification as discrimination based on "biological gender" does not erase the sex-based classification at work. 972 F.3d 586, 618-19 (4th Cir. 2020); *see id.* (concluding that excluding transgender plaintiff from school restrooms "matching his gender identity" violates Title IX). *Grimm* remains unequivocally the law of this Circuit. *Doe by Doe v. South Carolina*, No. 25-1787, 2025 WL 2375386, at *8 (4th Cir. Aug. 15, 2025), *stay denied*, No. 25A234, 2025 WL 2610400, at *1 (U.S. Sept. 10, 2025).

*Grimm* rejects *Tennessee*'s second key holding as well. *Tennessee* concludes that *Bostock*'s "analysis cannot reasonably be applied to Title IX," 2025 WL 2375386, at *12, but this Court has held the opposite: "[a]lthough *Bostock* interprets Title VII … it guides our evaluation of claims under Title IX." 972 F.3d at 616.



Response re Notice of
Supplemental Authority
November 21, 2025

Page **3** of **3**

Finally, Ms. Anderson has already explained why *Skrmetti*, which did not decide any statutory claims, does not guide the statutory analysis required for her ACA claim. Dkt. 147.

Respectfully submitted,

 /s/ *Omar Gonzalez-Pagan*
Omar Gonzalez-Pagan

*Counsel for Plaintiff-Appellee*


Cc:    All counsel of record via CM/ECF